1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEMARIA C. HARGE,                        No.  1:20-cv-01255-SKO (HC)

12                  Petitioner,               **ORDER DIRECTING CLERK OF COURT
                                              TO ASSIGN DISTRICT JUDGE**
13
                 v.                           **FINDINGS AND RECOMMENDATION
14                                            TO DENY MOTION FOR STAY AND TO
                                              DISMISS GROUNDS THREE AND FOUR
15                                            FOR FAILURE TO EXHAUST**

16   JIM ROBERSON, Warden,                    **[Doc. 5]**

17                  Respondent.               **[TWENTY-ONE DAY DEADLINE]**

18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.  He filed the instant habeas petition on July 13, 2020, in the United

21   States District Court for the Northern District of California.  On September 1, 2020, the case was

22   transferred to this Court.  (Doc. 9.)  Petitioner challenges a Stanislaus County Superior Court

23   conviction for murder, murder of a fetus, vehicular manslaughter while intoxicated, evading a

24   peace officer causing death, and driving under the influence causing injury.  Two of the claims

25   presented in the petition are unexhausted.  Along with the petition, Petitioner filed a motion for

26   stay and abeyance pending exhaustion of his state remedies.  (Doc. 5.)  On September 8, 2020,

27   the Court directed the Clerk of Court to serve the motion for stay on Respondent, and granted

28   Respondent an opportunity to respond to the motion.  (Doc. 13.)  On October 8, 2020,

1   Respondent filed an opposition to the motion.  Petitioner did not file a reply.  Upon review of the

2   pleadings, the Court finds that Petitioner has failed to show good cause to warrant a stay of the

3   proceedings and will therefore recommend that the motion for stay be DENIED, and the

4   unexhausted grounds be DISMISSED from the petition.

5                                    **DISCUSSION**

6   A.      Exhaustion

7           As the Court stated previously, a state prisoner who wishes to collaterally challenge his

8   conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C.

9   § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

10  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v.

11  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

12          Petitioner raises four claims in his petition.  He concedes that Grounds Three and Four

13  have not been presented to the state courts and are unexhausted.  Because the claims have not

14  been presented to the highest state court, they are subject to dismissal.  Raspberry v. Garcia, 448

15  F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

16  B.      Motion for Stay

17          Petitioner has filed a motion to stay the petition pursuant to Rhines v. Weber, 544 U.S.

18  269 (2005), while he returns to state court to exhaust the two grounds.  (Doc. 14.)  As grounds for

19  good cause, Petitioner cites to Pace v. Diguglielmo, 533 U.S. 408, 416 (2005), for the proposition

20  that a petitioner's reasonable confusion whether a state filing would be timely ordinarily

21  constitutes "good cause" for a stay.  Petitioner further claims that: (1) in light of Covid 19, his

22  request should be granted; (2) he was a youthful offender when he was convicted and only has a

23  grade school education; (3) he has been clinically diagnosed with PTSD and has learning

24  disabilities; (4) he cannot read or write and depends on a jailhouse lawyer; and (5) the law library

25  at his institution has not been opened due to the pandemic.  (Doc. 5.)

26          A district court has discretion to stay a mixed petition and allow the petitioner to return

27  to state court to exhaust his state remedies.  Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon

28  v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v.

                                            2

1    Stewart, 105 F.3d 1268, 1274 (9th Cir.1997).  However, the Supreme Court has held that this

2    discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996

3    (AEDPA).  Rhines, 544 U.S. at 277.  In light of AEDPA's objectives, "stay and abeyance [is]

4    available only in limited circumstances" and "is only appropriate when the district court

5    determines there was *good cause* for the petitioner's failure to exhaust his claims first in state

6    court," the unexhausted claims are potentially meritorious, and the petitioner did not intentionally

7    engage in dilatory litigation tactics.  Id. at 277-78.

8            First, Petitioner's citation to Pace is unavailing.  Although the Supreme Court stated that

9    reasonable confusion over whether a state filing would be timely would ordinarily constitute good

10   cause, see Pace, 544 U.S. at 416, that is not the case here.  Although Petitioner claims he has

11   commenced exhaustion by filing a state habeas petition, Respondent avers that he has not done

12   so, and Petitioner submits no documentation to support his claim.  Pace involved a petitioner

13   already pursuing state collateral relief and confused as to whether his filings were timely.  Here,

14   Petitioner has not even commenced state collateral review.  In addition, Petitioner's citation to

15   Pace and his implied assertion of confusion are belied by his statements and completely

16   unsupported by any facts.  In his motion, he states "his current deadline under the A.E.D.P.A. is

17   September 19, 2020."  (Doc. 5 at 3.)  "[G]ood cause turns on whether the petitioner can set forth a

18   reasonable excuse, supported by sufficient evidence, to justify that failure."  Blake v. Baker, 745

19   F.3d 977, 982 (9th Cir. 2014).  "An assertion of good cause without evidentiary support will not

20   typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."  Id.

21          Second, Petitioner's allegations that he has a limited education, learning disabilities,

22   mental health issues, relies on a jailhouse lawyer, and has experienced law library closures due to

23   Covid 19 are conclusory.  Petitioner supplies no evidentiary support for these claims and how

24   they caused him to be unable to seek relief in the state courts prior to filing his federal petition.

25   He provides no documentary evidence of his limited education, learning disabilities, or mental

26   health issues.  He provides no evidence of law library closures due to Covid 19, or how they

27   hampered him from seeking relief in the state courts.  As correctly noted by Respondent, "[a]n

28   assertion of good cause without evidentiary support will not typically amount to a reasonable

3

1    excuse justifying a petitioner's failure to exhaust."  <u>Blake</u>, 745 F.3d at 982.  "[A] bald assertion

2    cannot amount to a showing of good cause. . . ." <u>Id</u>.

3            Third, Petitioner's claim that he relies on a jailhouse lawyer is unavailing.  Petitioners are

4    not entitled to counsel in state habeas proceedings.  Petitioner's situation is no different than most

5    other inmates seeking habeas relief.

6            Fourth, Petitioner has not shown the two claims to be potentially meritorious.  In Ground

7    Three, Petitioner complains that the prosecutor committed misconduct by presenting false

8    evidence in the form of witness testimony from Cierra Padilla. Petitioner fails to show that Ms.

9    Padilla's testimony was false, or that the prosecutor knew that the testimony was false.  In

10   Ground Four, Petitioner alleges defense counsel was ineffective in failing to investigate

11   Petitioner's history of mental health issues and severe learning disability and use that information

12   in defense of second degree murder.  This claim is also unsupported by any evidence.  Petitioner

13   does not show what investigation counsel conducted or what information counsel had about his

14   case.  Thus, Petitioner fails to show that counsel failed to investigate, or that counsel's strategies

15   constituted ineffective assistance.

16           Fifth, Petitioner fails to show that he did not engage in dilatory tactics.  As previously

17   noted, Petitioner has never presented his unexhausted claims to the state courts.  He offers no

18   reasonable excuse for delaying 10 months without even attempting to file a state court habeas

19   petition, especially given the fact he filed the instant federal petition raising the unexhausted

20   claims.

21                                             **ORDER**

22           The Clerk of Court is DIRECTED to assign a District Judge to the case.

23                                         **RECOMMENDATION**

24           For the foregoing reasons, the Court hereby RECOMMENDS that Petitioner's motion for

25   stay be DENIED, and Grounds Three and Four be DISMISSED from the petition.

26           This Findings and Recommendation is submitted to the United States District Court Judge

27   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

28   of the Local Rules of Practice for the United States District Court, Eastern District of California.

                                                    4

Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 12, 2020**                         /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

5