UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARIA C. HARGE,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>JIM ROBERSON, Warden,<br><br>　　　　　　Respondent. | No. 1:20-cv-01255-JLT-SKO (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br>(Doc. 42)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** (Doc. 20)<br><br>**ORDER DENYING MOTION FOR STAY** (Doc. 49)<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner DeMaria C. Harge is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.　　Merits Adjudication**

　　　　On December 20, 2022, the assigned Magistrate Judge issued Findings and Recommendations to deny the petition on its merits. (Doc. 42.) Those Findings and Recommendations were served upon all parties and it advised the parties that any objections thereto were to be filed within 30 days after service. On April 18, 2022, Petitioner filed objections to the Findings and Recommendations. (Doc.

1

48.) Respondent did not file a reply to Petitioner's objections.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

## II.     Motion for Stay

On April 21, 2022, Petitioner filed a motion for stay of proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. 49.) Respondent did not file an opposition or statement of nonopposition. Petitioner claims he has just discovered a California case, to wit, *People v. Ocegueda*, 247 Cal. App. 4th 1393 (2016), which is dispositive of his fourth claim for relief. For several reasons, the motion is denied.

First, Petitioner is not raising a new claim; rather, he is raising an argument in support of his fourth claim. Indeed, Petitioner raised this argument in his objections to the Findings and Recommendations. Therefore, a stay is unnecessary.

Second, even if the Court were to consider it a new claim, it would be untimely. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on December 23, 2020. Thus, direct review concluded on March 23, 2021, when the 90-day period for seeking review in the United States Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner had until March 23, 2022 to bring his federal claims. Petitioner did not present the proposed claim to the Court until April 5, 2022, which is beyond the expiration of the statute of limitations. Petitioner's argument that he only recently discovered the claim is not persuasive. Under § 2244(d)(1)(D), the one-year limitations period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235

F.3d 356, 359 (7th Cir. 2000)). As Petitioner concedes, the *Ocegueda* case was decided, and therefore discoverable, in 2016.

Third, the argument is meritless, and "even if a petitioner [shows] good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277. As discussed by the Magistrate Judge, Petitioner has not shown that the state court's decision rejecting his ineffective assistance of counsel claim was an unreasonable application of *Strickland*. He has not shown that counsel erred, because counsel could have reasonably chosen not to present Dodge's testimony given her damaging opinion that Petitioner "is in significant denial regarding his alcohol and drug usage. He still does not see the connection between the amount of alcohol he drinks and his DUIs and his aggressive behavior." (Doc. 30-14 at 42.) In addition, Petitioner fails to demonstrate any prejudice. As noted by the Magistrate Judge, Dodge did not possess any records for Petitioner beyond the eighth grade, and therefore, her report would have been of little value with respect to Petitioner's current level of comprehension and knowledge. Further, Petitioner proffers no evidence that Dodge could have presented which would have affected the jury's determination of guilt. Thus, the motion must be denied.

### III.     Certificate of Appealability

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)     There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 20, 2021, (Doc. 42), are adopted in full.
2. The petition for writ of habeas corpus (Doc. 20) is **DENIED** with prejudice.
3. Petitioner's motion for stay (Doc. 49) is **DENIED**.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 8, 2022**

                                                UNITED STATES DISTRICT JUDGE

4